UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
LOCAL 791, UNITED FOOD AND                    *
COMMERCIAL WORKERS UNION,                     *
AFL-CIO,                                      *
                                              *
       Plaintiff,                             *     Civil Action No. 05-10841-RCL
                                              *
v.                                            *
                                              *
SHAW'S SUPERMARKETS, INC.,                    *
                                              *
       Defendant.                             *
*******************************************

## DFFENDANT'S ANSWER TO COMPLAINT

For its Answer to the Complaint, Defendant Shaw's Supermarkets, Inc. ("Shaw's) states as follows:

The introductory paragraph to the Complaint contains conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Shaw's denies the allegations therein.

1.     Paragraph 1 of the Complaint contains conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Shaw's denies the allegations therein.

2.     Shaw's admits the allegations in the first and third sentences of paragraph 2 of the Complaint. Further answering, Shaw's is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 2 of the Complaint.

3.     Shaw's admits the allegations in paragraph 3 of the Complaint.

4.     Shaw's admits the allegations of paragraph 4 of the Complaint.

5. Shaw's admits the allegations in paragraph 5 of the Complaint. Further answering, Shaw's states that the collective bargaining agreement ("CBA") speaks for itself.

6. Shaw's admits the allegations in paragraph 6 of the Complaint as to certain employees, but denies the allegations as alleged therein.

7. Shaw's denies the allegations in paragraph 7 of the Complaint.

8. Shaw's denies the allegations in paragraph 8 of the Complaint.

9. Shaw's is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. This Court lacks subject matter jurisdiction over the claim asserted by Plaintiff.

3. Plaintiff's sole remedy for alleged violations of the 1985 Side Agreement to the CBA lies in the grievance procedure under the CBA.

4. Plaintiff's sole remedy for alleged violations of Articles 4 and 5 of the CBA lies in the grievance and arbitration procedure under the CBA.

5. Neither an arbitrator nor a court can consider the terms of the 1985 Side Agreements to the CBA.

6. Night stocking employees who were first employed after July 27, 1985 may be required to work other than night hours without being paid a $0.75 hourly premium.

Having answered herein, Shaw's prays that the above action be dismissed with prejudice, and that it be awarded its costs, attorneys' fees and such other and further relief as this Court deems just.

                                                                                            3

Respectfully submitted,

SHAW'S SUPERMARKETS, INC.,

By its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By: s/Robert P. Morris
       Robert P. Joy
       B.B.O. #254820
       Robert P. Morris
       B.B.O. #546052

Dated: June 24, 2005