**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


LOCAL 791  VS. SHAW'S SUPERMARKETS, INC.


C.A. No. 05-10841-RCL


NOTICE OF SCHEDULING CONFERENCE AND ADDITIONAL MATTERS

I.   An initial scheduling conference will be held at 2:30PM on September 22, 2005, in Courtroom #11, 5th Floor, 1 Courthouse Way, Boston, MA in accordance with Fed. R. Civ. P. 16(b) and L. R. 16.1.  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of L. R. 16.1 (as modified by this Order) to be of utmost importance.  Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of L. R. 16.1 (as modified by this Order) may result in sanctions under L. R. 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

Sections (B), (C), and (D) of L. R. 16.1, as modified by this Order, provide:

(B)   Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall confer no later than fourteen (14) days before the date for the scheduling  conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C)   Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the

    scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D)   <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:

    (1) a concise summary of the positions asserted by the plaintiff, defendant and any other parties with respect to both liability and relief sought.

    (2) a joint discovery plan scheduling the time and length for all discovery events, that shall

        (a) conform to the obligation to limit discovery set forth in Fed.R.Civ.P. 26(b), and

        (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

    (3) a proposed schedule for the filing of motions; and

    (4) certifications signed by counsel and by the party (in the case of a corporation by an authorized representative) affirming that each party and that party's counsel have conferred:

        (a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- for the litigation; and

        (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L. R. 16.4.

>     To the extent that all parties are able to reach
>     agreement on a pretrial schedule, they shall so
>     indicate.  To the extent that the parties differ on
>     what the pretrial schedule should be, they shall
>     set forth separately the items on which they differ
>     and indicate the nature of that difference. The
>     purpose of the parties' proposed pretrial schedule
>     or schedules shall be to advise the judge of the
>     parties' best estimates of the amounts of time they
>     will need to accomplish specified pretrial steps.
>     The parties' proposed agenda for the scheduling
>     conference, and their proposed pretrial schedule or
>     schedules, shall be considered by the judge as
>     advisory only.

II.  The obligation to file a joint statement is an independent obligation of each party.  Thus if one party does not cooperate with the other party or parties in the preparation of the joint statement, the other party or parties shall file a separate statement setting forth the information required by L. R. 16.1(D), as modified by this order, and the identity of the party not cooperating in the preparation of the joint statement and the efforts undertaken to obtain that cooperation.

### **Additional Matters**

III.  <u>Discovery Motions.</u>  The parties are advised that, unless otherwise ordered, the court will not consider any motion, filed in this action pursuant to Fed. R. Civ. P. 37 or Fed. R. Civ. P. 45 (discovery motions), which does not comply fully with the provisions of L. R. 37.1.  The statement of the moving party with respect to the pre-motion discovery conference required by L. R. 37.1 shall be set forth in a paper separate from the motion and memorandum in support of the motion under Fed. R. Civ. P.37 or Fed. R. Civ. P. 45.

The filing of discovery motions is otherwise governed by the Standing Order re: Electronic Case Filing in cases before Reginald C. Lindsay, U.S.D.J. dated September 9, 2003.

IV.  <u>Motions for Protective Orders.</u>  The parties are further advised that if, in the course of this action, they seek the entry of a general order pertaining to the impoundment of confidential materials, the court will consider entering such an order only if a proposed form of order is submitted to the court, which proposed order:

      (a)   complies fully with L. R. 7.2;
      (b)   provides for the filing of a motion for impoundment which: (i) sets forth a description, in general terms, of the confidential materials and a short statement setting forth the reason justifying impoundment; and (ii) is accompanied by a redacted version of the document or item containing confidential materials, to be placed in the court's public files, and an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

    Irrespective of whether a general order of impoundment is entered in the case, the court will not order the impoundment of any material unless the party seeking impoundment files a motion which meets the requirements, and is accompanied by the items, set forth in subsection (b) of this section IV.

July 13, 2005

                                        Reginald C. Lindsay
                                        U.S. District Judge
                                        By the Court:


                                        /s/ Lisa M. Hourihan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANDING ORDER RE: ELECTRONIC CASE FILING
IN CASES BEFORE REGINALD C. LINDSAY, U.S.D.J.

After October 1, 2003, documents filed in all cases in my session may be filed electronically, so long as the filing party complies with the applicable Federal Rules of Criminal Procedure or Civil Procedure (as the case may be), the Local Rules of United States District Court for the District of Massachusetts and the rules and procedures outlined in the Electronic Case Filing Administrative Procedures Pamphlet and the Electronic Case Filing ("ECF") User's Manual.  Even if electronic filing is used, however, unless otherwise ordered, the filing party must also deliver to the clerk's office, by mail or otherwise, a paper, courtesy copy of any electronic document constituting, supporting or opposing a dispositive motion, discovery motion or a proceeding for the construction of claims in a patent case.[*]  The courtesy copy of each such document must be stamped or otherwise prominently marked as follows: "Courtesy copy - - DO NOT SCAN, Original Filed Electronically," and must be delivered to the clerk's office within three business days of the electronic filing.

In any case of an electronic filing in which a party seeks leave of court to file a document

---

[*] For purposes of this order, the term "dispositive motion" includes a motion to dismiss, a motion for summary judgment, a motion to suppress, a motion for preliminary relief (including a motion for an attachment of real or personal property), motion for class certification, and a motion for the entry of judgment. The term "discovery motion" includes any motion in which the moving party seeks an order requiring that a person or entity provide information in any form to the moving party.

5

or to amend a document previously filed, the party must attach electronically to the motion seeking leave a copy of the document which the party proposes to file. That document must be marked "Proposed [document designation]." If leave to file the document is granted, the party proposing the document must then file the original of that document (which may be done electronically), indicating in the caption of the document that leave has been granted.

    SO ORDERED.

                        /s/ REGINALD C. LINDSAY
                        United States District Judge

DATED: September 12, 2003