UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
LOCAL 791, UNITED FOOD AND           *
COMMERCIAL WORKERS UNION,            *
AFL-CIO,                             *
                                     *
            Plaintiff,               *     Civil Action No. 05-10841-RCL
                                     *
v.                                   *
                                     *
SHAW'S SUPERMARKETS, INC.,           *
                                     *
            Defendant.               *
*************************************
```

## JOINT STATEMENT

In accordance with this Court's Notice of Scheduling Conference and Additional Matters, Local 791, United Food and Commercial Workers Union, AFL-CIO ("Local 791") and Shaw's Supermarkets, Inc. ("Shaw's") hereby submit their Joint Statement:

    A.    **Concise Summary of Parties' Positions**

1.    **Plaintiff**

As set forth in Plaintiff's complaint, Shaw's Supermarkets, Inc. ("Shaw's") the 2004-2008 collective bargaining agreement ("Agreement") between United Food and Commercial Workers, Local 791 ("Local 791") and Shaw's provides that "[p]resent night stocking crew will not be forced to evenings and lose the premium." That provision is contained in a 1985 Side Agreement between the parties which is incorporated in the Agreement. The Agreement provides full time and part time employees doing night shift stocking work with premium pay of 75 cents per hour.

Shaw's violated the Agreement on or about March 27, 2005 when it force approximately 75 bargaining unit employees doing night stocking work to do stocking

work in the afternoon and evening hours – hours that did not qualify for the 75 cents/hour premium.  As a result of this violation of the Agreement, full time employees have been deprived of at least thirty dollars per week and part time employees have been deprived of lesser weekly losses, depending on the number of hours worked.

This dispute is before this Court because the Agreement excludes the above-referenced provision from the Agreement's arbitration provision.  Accordingly, it is properly before this Court pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**2**.   **Defendant**

Shaw's denies that it violated the 2004-2008 collective bargaining agreement ("CBA") with Local 791.  Local 791 alleges that Shaw's violated Article 4, Section 5 (2nd) of the 1985 Side Agreements, under which "[p]resent night stocking crew will not be forced to evenings and lose the premium." (emphasis added).  When this provision is read along with other sections of the 1985 Side Agreements, as well as the CBA, it is apparent that the provision only applies to night stocking crew employed as of July 27, 1985.  (Compare 1985 Side Agreements, Article 4, Section 5 (1st), referring to certain job categories "as of 7/27/85;" CBA, Article 4, Section 5, referring to employees who were "present (as of July 27, 1985)").

In addition, Local 791 cannot proceed with this claim in a judicial forum.  Courts have regularly held that when a CBA bars access to arbitration over a specific class of grievances, this bar cannot be leapfrogged by filing suit under Section 301, 29 U.S.C. §185.  See, e.g., Truex v. Garrett Freightlines, Inc., 784 F.2d 1347 (9th Cir. 1985). Accord, American Postal Workers Union, AFL-CIO v. U.S. Postal Service, 940 F.2d 704,

2

707 (D.C. Cir. 1991) ("It would turn the effect of the probation clause on its head to hold, as the appellants argue, that dismissed probationers are excluded from arbitration but may nonetheless bring suit for breach of contract, taking advantage of the full range of contractual protections available to nonprobationary employees. If we were to accept the appellants' argument, the only difference between probationary and nonprobationary employees would be the forum in which they enforced their rights under the contract: probationary employees would enforce their rights in federal court while nonprobationers would be limited to arbitration.").

### B.    Joint Discovery Plan and Motion Filing Schedule

| | | |
|---|---|---|
| 1. | Parties serve mandatory disclosures: | On or before October 17, 2005 |
| 2. | Parties designate expert witnesses: | On or before January 13, 2006 |
| 3. | All non-expert discovery completed: | On or before January 31, 2006 |
| 4. | Counter-designation of expert witnesses: | On or before February 10, 2006 |
| 5. | Completion of expert depositions: | On or before March 10, 2006 |
| 6. | Service and filing of motions for summary judgment: | On or before March 31, 2006 |

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| LOCAL 791, UNITED FOOD AND COMMERCIAL WORKERS UNION, | SHAW'S SUPERMAKETS, INC., |
| By its Attorneys, | By its Attorneys, |
| PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C., <br> 18 Tremont Street <br> Boston, MA 02108 <br> (617) 367-7200 | MORGAN, BROWN & JOY <br> 200 State Street, 11th Floor <br> Boston, MA 02109-2605 <br> (617) 523-6666 |
| By:   s/Terence E. Coles <br>         Terence E. Coles, Esq. <br>         B.B.O. #600084 | By:   s/Robert P. Morris <br>         Robert P. Joy, Esq. <br>         B.B.O. #254820 <br>         Robert P. Morris <br>         B.B.O. #546052 |
| Date:   September 14, 2005 | Date:   September 14, 2005 |

4