UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*******************************************
LOCAL 791, UNITED FOOD AND               *
COMMERCIAL WORKERS UNION,                *
AFL-CIO,                                 *
                                         *
              Plaintiff,                 *     Civil Action No. 05-10841-RCL
                                         *
v.                                       *
                                         *
SHAW'S SUPERMARKETS, INC.,               *
                                         *
              Defendant.                 *
*******************************************
```

### DFFENDANT'S MOTION TO STRIKE AFFIDAVIT OF MARY MCCLAY, AND STATEMENT OF REASONS

Defendant Shaw's Supermarkets, Inc. ("Shaw's") moves to strike the Affidavit of Mary McClay, submitted by Plaintiff in opposition to Shaw's Motion for Judgment on the Pleadings. The grounds for this motion are as follows:

1.  On or about January 20, 2006, Shaw's filed a motion for judgment on the pleadings. Shaw's argued that Plaintiff's suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, alleging breach of a collective bargaining agreement, could not proceed because the agreement provides that any grievance over the alleged contract violation at issue in Plaintiff's suit is not arbitrable.

2.  As part of its opposition to Shaw's motion, Plaintiff submitted an affidavit of Mary McClay. Ms McClay's affidavit sets forth purported facts pertaining to the negotiations leading to the provision barring the grievance at issue from arbitration.

3.  The affidavit should be stricken and not considered, because it is irrelevant to Shaw's motion. Shaw's contends that the Plaintiff's suit is foreclosed as a matter of law, without

regard to any evidence extrinsic to the collective bargaining agreement cited in the Complaint. As discussed in the "Reply Memorandum in Support of Defendant's Motion for Judgment on the Pleadings," filed herewith, courts consider evidence extrinsic to a collective bargaining agreement only when the agreement at issue is ambiguous. See Casey v. Lifespan Corp., 62 F.Supp.2d 471, 480 (D. R.I. 1999); Coffin v. Bowater, Inc., 385 F.Supp.2d 38, 59 (D. Me. 2005). See American Postal Workers Union v. U.S. Postal Service, 940 F.2d 704, 707-708 (D.C. Cir. 1991) ("In the absence of ambiguity in the collective bargaining agreement, however, we have not cause to examine extrinsic evidence of the parties' intent."). For the reasons discussed in Shaw's original and reply memoranda in support of its Motion for Judgment on the Pleadings, there is no ambiguity in the collective bargaining agreement over the availability of judicial relief, making resort to affidavits or other extrinsic evidence inappropriate.

For all the above reasons, Shaw's motion should be granted, and the Affidavit of Mary McClay stricken.

## CERTIFICATION PURSUANT TO RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for Defendant certifies that he has conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues raised by the instant motion.

s/Robert P. Morris
Robert P. Morris

        Respectfully submitted,

        SHAW'S SUPERMARKETS, INC.,

        By its Attorneys,

        MORGAN, BROWN & JOY, LLP
        200 State Street, 11th Floor
        Boston, MA 02109-2605
        (617) 523-6666

        By:   /s/Robert P. Morris
                Robert P. Joy
                B.B.O. #254820
                Robert P. Morris
                B.B.O. #546052

Dated: March 7, 2006

## CERTIFICATE OF SERVICE

       I, Robert P. Morris, hereby certify that on March 7, 2006, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

        /s/Robert P. Morris
        Robert P. Morris