UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LOCAL 791, UNITED FOOD AND
COMMERCIAL WORKERS UNION,
    Plaintiff,

v.
                                                  Civil Action No. 05-10841-RCL

SHAW'S SUPERMARKETS, INC.,
    Defendant.

**PLAINTIFF'S ASSENTED-TO SURREPLY TO DEFENDANT'S REPLY IN ITS MOTIONFOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF MARY McCLAY**

Defendant, Shaw's Supermarkets, Inc. (the "Company") has filed a reply to Plaintiff, Local 791, United Food and Commercial Workers Union's (the "Union") opposition to the Company's motion for judgment on the pleadings. The Company has also moved to strike the affidavit of Mary McClay, contending that it inappropriately raises issues of fact that should not be considered with the Company's motion for judgment on the pleadings. The Union seeks leave to submit the instant surreply to address the errors of law and fact contained in the Company's reply.

First, try as it might, the Company cannot avoid the fact that the parties' collective bargaining agreement does not prohibit either party from bringing an complaint for violation of the 1985 Side Letter of Agreement in federal court pursuant to 29 U.S.C. §185 (Section 301 of the LMRA). In this regard, the Company cannot help but raise two contradictory arguments in both its motion and its reply. On the one hand, the Company admits that the parties' collective bargaining agreement does not state that a violation of the 1985 Side Agreement cannot be brought in federal court (the Company's reply brief states "[t]he absence of specific language on

this issue is, of course, true . . . ." (p. 1). In this same vein, the Company cannot ignore the actual language of the 1985 Side Agreement, which only states that the 1985 Side Agreement "shall not be subject to arbitration." Yet, the Company then makes an about-face, and claims that the CBA, "when read as a whole," somehow foreclose the Union's attempt to obtain a judicial remedy for a matter excluded from arbitration.

The essential problem with the Company's argument is that it never points to any language contained elsewhere in the CBA that prohibits the parties from bringing a violation of the 1985 Side Agreement in federal court. The Company claims that the provisions relating to the grievance procedure somehow foreclose this avenue, but the grievance procedure, contained in Article 13, does not contain a shred of language even suggesting that a violation of the 1985 Side Agreement can only be raised in the grievance procedure. The grievance procedure only states that the "following procedures are intended to be the sole means for the resolution of grievances." It says nothing about prohibiting the Union from bringing a violation of the 1985 Side Agreement in federal court.

The Company cannot have it both ways. Admitting that the CBA does not explicitly exclude the parties' from bringing an action for violation of the 1985 Side Agreement in federal court, it cannot then turn around and argue that the parties' intent is irrelevant to the Court's determination of this matter. It is axiomatic that where a contractual term is ambiguous, the Court can look to external evidence to determine the intent of the parties. The evidence of that intent can come from prior contractual bargaining history. Here, it is undisputed that the parties' grievance and arbitration procedure was already in existence in 1991 when the parties incorporated the 1985 Side Agreement into the CBA. It is undisputed that the language incorporating the 1985 Side Agreement contains no terms suggesting that the 1985 Side

Agreement can only be contested through the 3rd step of the grievance process. Further, Ms. McClay's affidavit (attached to the Union's Opposition) confirms that the Company proposed the language incorporating the 1985 Side Agreement ("The following 1982, 1985, 1988 understandings are hereby continued but shall not be subject to arbitration) and *never even hinted* that the only avenue of redress for violations of these side agreements was through and up to the 3rd step of the grievance process. For these reasons, Ms. McClay's affidavit should be considered by this Court in its consideration of the Company's motion for judgment on the pleadings and said motion should be denied.

In the face of its contradictory argument, the Company then claims that this Court can interpret the meaning of the parties' collective bargaining agreement as a matter of law ("When a court is called upon to interpret a collective bargaining agreement, its interpretation is a question of law." (Reply Brief, p. 2). However, the Company's argument improperly conflates two entirely different issues. While a Court can decide if a contract's terms are ambiguous, once the Court determines that ambiguity exists, *the resolution of that ambiguity is for a trier of fact*. Further, the Court may, and should, where appropriate, consider extrinsic evidence in determining whether a contract is ambiguous. Obviously, in the event external evidence is considered, a motion for judgment on the pleadings is inappropriate and should be dismissed.

Indeed, the case cited by the Company, *Central States, Southeast and Southwest Areas Pension Fund v. Kroger Co.*, 73 F.3d 727 (7th Cir. 1996), strongly supports the Union's argument for dismissal of the Company's motion.[1] There, a pension fund brought a claim under ERISA

---

[1] Other case law cited by the Company is simply inapposite to the instant issue as to whether the parties' CBA permits a violation of the 1985 Side Agreement being raised in this forum. For example, *Quesnel v. Prudential Ins. Co.*, 66 F.3d 8 (1st Cir. 1995), concerns whether an insurance agent's complaint for wrongful discharge should be dismissed on preemption grounds. There, the issue was whether the employee's action was covered by the collective bargaining agreement, not whether he was prohibited from raising the issue through the grievance and arbitration process. The preemption question obviously concerns a completely different legal issue

alleging that the company had failed to meet its obligation under the parties' CBA to make contributions for employees. The company brought a motion for summary judgment (rather than a motion for judgment on the pleadings) claiming that the company was not obligated to make these contributions under the CBA. The district court granted the company's motion, holding that the agreements at issue were not ambiguous and the employer was not obligated to make the claimed contributions. However, the Court of Appeals reversed the lower court, finding that the terms of the collective bargaining agreement *were* ambiguous. It making this determination, the appellate court considered external evidence, such as the a representation by counsel at oral argument that two agreements were physically attached to each other at the time the documents were executed. Finally, because the appellate court found that the CBA was ambiguous, it remanded the matter back to district court to have the finder of fact determine the meaning of the agreement:

> We therefore conclude that the CBA is ambiguous. Because of that ambiguity, the district court should not have treated the CBA as unambiguous and should not have declared its meaning as a matter of law on summary judgment. Rather, the matter must be returned to the finder of fact for a determination of the meaning of part-time.

73 F.3d at 733.

The court's actions and conclusions in *Kroger Co.* are equally applicable here. First, as in *Kroger Co.*, it is perfectly appropriate and, indeed, necessary, for this Court to consider external evidence, including Ms. McClay's affidavit and prior bargaining history, in deciding whether a CBA's terms are ambiguous. Second, such an inquiry as to external evidence is only appropriate at summary judgment and, therefore, it necessarily renders the Company's motion for judgment on the pleadings inappropriate. Third, even if this Court decides to continue this inquiry, it is

---

and line of caselaw irrelevant to the instant matter. *See, e.g., Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988).

clear that the parties' CBA is ambiguous as to whether a violation of the 1985 Side Agreement can be raised in this Court. Accordingly, the Company's motion must be denied and the ambiguity of the CBA must be resolved by a finder of fact.[2]

### CONCLUSION

For all of the foregoing reasons, and the reasons set forth in the Union's Opposition, the Company's motion for judgment on the pleadings should be denied.

Respectfully submitted,

UNITED FOOD AND COMMERCIAL
WORKERS, LOCAL 791,
By its counsel,


s/Terence E. Coles
Terence E. Coles, Esquire
BBO# 600084
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA  02108
(617) 367-7200

Dated: March 27, 2006

### CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically through the ECF system upon the court and counsel of record on March 27, 2006.

s/Terence E. Coles
Terence E. Coles

---

[2] Lastly, the Company claims that the Union is remiss in not addressing the Company's citation to *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574 (1960) and its progeny, for the legal authority that federal courts should defer to the arbitration process contained in collective bargaining agreements. The Company's confusing argument is, at best, a red herring. It is well established that federal courts will not become entangled in the job of interpreting a collective bargaining agreement in cases where the parties have agreed to subject the dispute to arbitration. *Id.* However, that line of cases has absolutely nothing to do with the instant dispute, wherein it is undisputed that the parties have agreed that disputes over the 1985 Side Agreements *will not be subject to arbitration*. Once again, the Company wishes to have it both ways: admitting on the one hand that the 1985 Side Agreement is not subject to arbitration and then claiming, on the other hand, that this Court should not entertain the Union's complaint because of the case law supporting the arbitration of collective bargaining disputes.