## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
*********************************************
LOCAL 791, UNITED FOOD AND                   *
COMMERCIAL WORKERS UNION,                     *
AFL-CIO,                                      *
                                              *
              Plaintiff,                      *      Civil Action No. 05-10841-RCL
                                              *
v.                                            *
                                              *
SHAW'S SUPERMARKETS, INC.,                    *
                                              *
              Defendant.                      *
*********************************************
```

### DEFENDANT'S RESPONSE TO SUR-REPLY MEMORANDUM
### IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

In its most recent pleading filed on March 27, 2006, the Plaintiff, Local 791, United Food and Commercial Workers Union ("Local 791" or the "Union"), seeks to obscure the issues raised by the Motion for Judgment on the Pleadings of Shaw's Supermarkets, Inc. ("Shaw's"). Local 791 finds confusion and contradiction in Shaw's position when in fact its own arguments in fact are deserving of such characterization.

As previously stated, Shaw's contends that when the collective bargaining agreement at issue ("CBA") is read as a whole, it is evident that Local 791 cannot bring suit in court for a de novo judicial hearing on a grievance subject to the CBA's grievance procedure, but excluded from arbitration. "When interpreting a contract, [a] Court cannot view words or phrases in isolation. Instead, the language of a contract must be given 'a construction which comports with the Agreement as a whole.'" Utility Workers, Local 369 v. NSTAR Electric and Gas Corp., 317 F.Supp.2d 69, 74 (D. Mass. 2004) (quoting Fashion House, Inc. v. Kmart Corp., 892 F.2d 1076, 1084 (1st Cir. 1989)).

Instead of asking this Court to adhere to these well-established principles, Local 791 would have this Court view in isolation the side agreement provision excluding the grievance at issue from arbitration.  In so contending, Local 791 ignores the rest of the CBA, under which: a) the grievance at issue is subject to the CBA's grievance procedure; b) the grievance and arbitration procedures are the sole means of resolving grievances; and c) the CBA expressly excludes other matters from both the grievance and arbitration provision.

On the basis of such contract language, this Court can construe the CBA as not authorizing the Union's suit, without resorting to extrinsic evidence.  In Young v. Southwestern Bell Telephone Co., 309 F.Supp. 475, 479 (E.D. Ark. 1969), aff'd, 424 F.2d 256 (8th Cir. 1970) (per curiam), previously cited by Shaw's, a collective bargaining agreement distinguished between employees with less than three (3) years service (who could invoke a grievance procedure, but not arbitration), and those with greater than three (3) years service (who could proceed to arbitration).  In dismissing a suit under 29 U.S.C. §185, Section 301 of the Labor Management Relations Act, brought by an employee with less than three (3) years service, the court reasoned: "Unless the distinction between employees based on years of service has some useful purpose, it would not have been made in the contract, and the only useful purpose served by the distinction is that it leaves with the defendant the power to decide ultimately whether to retain or to discharge an employee until he has achieved three years seniority."  Young, 309 F.Supp. at 479.  The court rejected the plaintiff's view "that the remedy of newer employees, such as plaintiff, is a [section] 301 suit in federal court with the District Judge serving in effect as an arbitrator."  309 F.Supp. at 477.

Likewise, in this matter this Court should reject the Union's invitation to serve as an arbitrator over a grievance which the parties to the CBA excluded from arbitration.  Under the

CBA, Shaw's has the last word over the premium pay issue, following the three (3) step grievance process. The exclusion from arbitration can have no other meaning. Had this grievance been excluded from both the grievance and arbitration provisions, then a different result might be called for. However, the present case does not present such a scenario.

The Union would have this Court conclude that the CBA is ambiguous, and that resolution of the present issue must be left to summary judgment. Yet Local 791 has not provided any justification for delaying a decision on the CBA's interpretation. The single provision of the 1985 Side Agreement, barring the grievance from arbitration, does not create any ambiguity given the construction of the entire CBA, discussed above. The affidavit submitted by the Union, even if considered, likewise falls short of creating any ambiguity. The mere absence of discussion in negotiations regarding the availability of a Section 301 suit is not indicative of any uncertainty over the CBA's meaning. Likewise, the absence of an explicit provision either authorizing or prohibiting the present suit does not justify this Court in finding the CBA to be ambiguous. See Adams v. Suozzi, 433 F.3d 220, 228-229 (2nd Cir. 2005) ("[T]he District Court was correct in determining that lack of an explicit time limit in [a] paragraph did not create ambiguity, because the plain language of the agreement as a whole imposed a time constraint..."); Senn v. United Dominion Industries, Inc., 951 F.2d 806, 816 (7th Cir. 1992), cert. denied, 509 U.S. 903 (1993) ("The mere silence of Collective Bargaining Agreements and plan documents concerning the vestment of welfare benefits fails to give rise to an ambiguity.").

For all the above reasons, and the reasons set forth in its previous memoranda on file, Shaw's respectfully prays that its Motion for Judgment on the Pleadings be allowed, and that the Union's suit be dismissed, with prejudice.

Respectfully submitted,

SHAW'S SUPERMARKETS, INC.,

By its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666


By: /s/Robert P. Morris
       Robert P. Joy
       B.B.O. #254820
       Robert P. Morris
       B.B.O. #546052

Dated:  April 13, 2006

## CERTIFICATE OF SERVICE

I, Robert P. Morris, hereby certify that on April 13, 2006, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Robert P. Morris
Robert P. Morris